**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA

versus CRIMINAL NO. 03-50-SDD-EWD

COLIN KNOX

# RULING

This matter is before the Court on the Motion to Dismiss[1] Movant's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence[2] filed by the United States ("the Government"). The Court issued a Briefing Deadline and ordered Defendant, Colin Knox ("Defendant" or "Knox") to respond to the Government's Motion by June 6, 2025;[3] however, Knox has never filed any response to the Government's Motion. Because Defendant's Section 2255 Motion[4] is untimely, the Government's Motion to Dismiss[5] will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In April 2003, Knox was charged in a single-count indictment with possession of a firearm by a convicted felon.[6] In April 2004, Knox proceeded to trial and was found guilty as charged.[7] A presentence investigation report ("PSR") was prepared;[8] and based on a

[1] Rec. Doc. 98.
[2] Rec. Doc. 90.
[3] Rec. Doc. 99.
[4] Rec. Doc. 90.
[5] Rec. Doc. 98.
[6] Rec. Doc. 1.
[7] Rec. Docs. 50, 55, 56. This is contrary to Knox's assertion that he ""[t]endered a guilty plea to Count-1" pursuant to a "plea agreement[.]" Rec. Doc. 90, pp. 1, 4.
[8] Rec. Doc. 94.

total offense level of 24 and a criminal history category of IV, Knox's advisory guidelines range was 77 to 96 months.[9] At the time, Knox's criminal history included convictions for manslaughter and possession with intent to distribute marijuana.[10] Among other arrests, Knox had also previously been arrested for unauthorized entry of an inhabited dwelling, during which he was accused of entering the home of a former girlfriend and striking her several times, and for simple battery, whereby Knox and two other inmates were accused of committing battery upon another inmate while Knox was in custody for the aforementioned attack on his former girlfriend.[11] In August 2004, Knox was sentenced to 96 months' imprisonment followed by three years of supervised release.[12] Knox did not appeal this conviction and sentence.

In July 2013, while on supervised release, Knox was arrested by the Baton Rouge Police Department following a report that Knox was observed at an apartment complex swinging an AK-47 and pointing it at people.[13] When officers contacted Knox, he reported having sold the AK-47 earlier, but he admitted to being in possession of another firearm, which was found to be stolen, and marijuana, which was found to be consistent with distribution based on weight and packaging.[14] Because Knox's conduct violated the conditions of his supervision, revocation proceedings were instituted.[15] This same conduct led to a separate federal indictment charging Knox with possession of a firearm by a convicted felon, as well as possession with intent to distribute marijuana.[16]

---

[9] Rec. Doc. 94, p. 5, ¶ 21; p. 6, ¶ 28; p. 11, ¶ 55.
[10] *Id.* at pp. 5–6, ¶¶ 23, 24.
[11] *Id.* at pp. 7–8, ¶¶ 33, 34.
[12] Rec. Doc. 62.
[13] Rec. Doc. 69.
[14] *Id.*
[15] *Id.*
[16] *See* Docket No. 3:13-cr-00099-SDD-EWD, Rec. Doc. 1.

Ultimately, Knox pled guilty to that firearm charge, in exchange for a dismissal of the related drug charge, and he admitted to violating the terms of his supervision in this case.[17] In connection with the revocation, on September 10, 2015, Knox was sentenced to 24 months' imprisonment, to run concurrently with the 120-month sentence issued the same day in Docket No. 3:13-cr-00099-SDD-EWD.[18] Knox did not appeal.

Knox is currently incarcerated at FCI Pollock with a projected release date of June 19, 2041.[19] Knox is serving three concurrent sentences that have been aggregated into a single term of 32 years, 9 months, and 4 days, as shown in Exhibit A.[20] Subsequent to the two federal prosecutions detailed above, Knox was also prosecuted under Middle District of Louisiana Docket No. 3:15-cr-00083-SDD-EWD-20, resulting in a sentence of 360 months' imprisonment for convictions related to his involvement in a large cocaine conspiracy.[21] That sentence was ordered to run concurrently with the sentence imposed in Docket No. 3:13-cr-00099-SDD-EWD, which was likewise ordered to run concurrently with Knox's revocation sentence in the instant case.[22]

On January 24, 2025, Knox filed the instant motion pursuant to 28 U.S.C. § 2255.[23] In his motion, Knox wholly ignores the issue of timeliness, arguing only that his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional based on two grounds for relief. First, Knox asserts a lack of subject matter jurisdiction and a violation of the Second

[17] Rec. Doc. 88; *see also* Docket No. 3:13-cr-00099-SDD-EWD, Rec. Docs. 27, 46.
[18] Rec. Doc. 88.
[19] Rec. Doc. 98-2.
[20] *Id.*
[21] *See United States v. Alexander*, 782 F. App'x 304 (5th Cir. 2019) (per curiam).
[22] Rec. Doc. 98-2, pp. 2-4.
[23] Rec. Doc. 90. Although Knox styled his Motion as one brought under Section 2255 or alternatively for a Writ of *Coram Nobis*, because Knox is still in custody, any potential relief is only available under Section 2255. *See United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (current incarceration satisfies the "in custody" requirement).

Amendment to the United States Constitution, pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*.[24] Second, Knox asserts a claim of "actual innocence" because "the conduct for which he was convicted[] is outside of the permissible reach of the federal statute," as applied, under the test set forth in *Bruen*, and further claims that he has "suffered a grave miscarriage of justice," because "his alleged conduct was not criminal under the law at the time of its commission."[25] While he states that "[t]he evidence relating to this claim is new and reliable [and] has never been considered[,]" Knox does not actually point to any newly discovered evidence.[26]

The Government has moved to dismiss Knox's motion because it is untimely; it is also substantively without merit.

## II. TIMELINESS OF SECTION 2255 MOTION

A motion made under 28 U.S.C. § 2255 is subject to a one-year statute of limitations and "shall run from . . . the date on which the judgment of conviction becomes final."[27] Additionally, the "movant in a § 2255 proceeding has the burden of demonstrating that his filings are timely."[28] In this case, Knox's original Judgment was entered on August 31, 2004, and he did not appeal.[29] Following revocation of his supervised release, another Judgment was entered on September 14, 2015, and Knox did not appeal.[30] "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires."[31] Thus, the Government maintains Knox's

---

[24] 597 U.S. 1 (2022). Doc. 90, p. 4.
[25] Rec. Doc. 90, p. 5 (citing *Bousley v. United States*, 523 U.S. 614 (1998)).
[26] *Id.*
[27] 28 U.S.C. § 2255(f)(1); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).
[28] *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019)
[29] Rec. Doc. 62.
[30] Rec. Doc. 88.
[31] *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012)(citing *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008)); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal

one-year clock began to run on September 28, 2015, the date Knox's appeal deadline on the second Judgment expired. Knox, therefore, had until September 28, 2015 to timely file a motion under § 2255(f)(1). As he clearly failed to do so, the Government contends his motion should be dismissed.[32]

Knox makes no assertion as to the timeliness of his motion despite it being his burden to establish same. Knox relies on the *Bruen* decision and argues this Court lacked subject matter jurisdiction and violated his rights under the Second Amendment in convicting him of being a felon in possession of a firearm.[33] Under 28 U.S.C. § 2255(f)(3), the one-year limitation runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Government argues that, while *Bruen* "may be cognizable in an initial § 2255 motion and generally applies retroactively on collateral review, Knox cannot benefit from § 2255(f)(3) for two independent reasons: (1) the "right . . . recognized" by *Bruen* is not infringed upon by any federal firearms law, including § 922(g)(1); and (2) Knox's motion was filed more than 20 months after Bruen, meaning that it is more than eight months late, regardless of any other infirmities."[34]

The Government is correct. As the district court for the Western District of Louisiana noted, "[e]ven assuming *Bruen* announced a newly recognized right that was made retroactively applicable on collateral review, [Knox's] motion would still be untimely

must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed[.]").

[32] Rec. Doc. 622, p. 5.

[33] Rec. Doc. 90, p. 4.

[34] Rec. Doc. 98-1, p. 7.

because he did not file within one year of the *Bruen* decision."[35] *Bruen* was decided on June 23, 2022; Knox's motion was filed on January 24, 2025, more than two years later. Accordingly, Knox's motion is not timely under § 2255(f)(3).

A defendant can overcome the one-year bar by establishing a claim of "actual innocence."[36] But "[a]ctual innocence refers to factual innocence, not legal innocence."[37] To properly argue actual innocence, Knox must, at minimum, allege facts showing that either he did not commit the act(s) for which he was convicted, or the conduct he engaged in is no longer criminal. Knox has failed to carry this burden. Since *Bruen*, the Fifth Circuit has rejected facial and as-applied challenges to § 922(g)(1).[38] Further, claims of actual innocence are not "a free-standing ground for relief"[39] but, rather, "a procedural gateway to circumvent procedural barriers to relief under § 2255."[40]

Finally, even if Knox's motion was timely, it is substantively meritless because 18 U.S.C. § 922(g)(1) is constitutional on its face[41] and as applied to Knox based on his predicate convictions.

## III. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss[42] Movant's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence is GRANTED. Knox's

---

[35] *United States v. Heard*, No. 20-0291, 2025 WL 562725, *2, fn 2 (W.D. La. Feb. 19, 2025)(noting that "[o]ther district courts in this circuit have found that *Bruen* did not announce a new rule that was retroactively applicable to cases on collateral review. *See, e.g., Kraut v. United States*, No. 18-0462, 2024 WL 4544122, at *2 (N.D. Tex. Oct. 22, 2024).").
[36] *See McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013).
[37] *Heard*, 2025 WL 562725 at *3 (citing *Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992)).
[38] *See United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024).
[39] *See United States v. Hogan*, No. 19-0003-02, 2024 WL 4537154, at *2 (W.D. La. Oct. 21, 2024) (quoting *Scruggs*, 691 F.3d at 671).
[40] *Heard*, 2025 WL 562725 at *3.
[41] *See Diaz*, 116 F.4th at 472; *see also United States v. Greer*, No. 24-30558, 2025 WL 444417, at *1 (5th Cir. Feb. 10, 2025) (finding that defendant's facial challenge to § 922(g)(1) was foreclosed by *Diaz*).
[42] Rec. Doc. 98.

Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence [43] shall be dismissed and terminated by the Clerk of Court.

To the extent applicable, the Court also denies a certificate of appealability because Knox has failed to demonstrate a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 25th day of August, 2026.

Shelly D. Dick

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

[43] Rec. Doc. 90.